UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ALLEN GENTZ,

    Plaintiff,                                           Civil Action No. 18-CV-12092

vs.                                                      HON. BERNARD A. FRIEDMAN

THE MICHIGAN DEPARTMENT
OF CORRECTIONS and
UNKNOWN MICHIGAN DEPARTMENT
OF CORRECTIONS EMPLOYEES,

    Defendants.
_____/

## OPINION AND ORDER GRANTING THE MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS

This matter is presently before the Court on the motion of the Michigan Department of Corrections ("MDOC") to dismiss [docket entry 5]. Plaintiff has not responded to this motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that in August 2015, while jailed at the Downtown Detention Facility in Detroit, Michigan, he was attacked by another inmate and severely injured. Compl. ¶¶ 25-29. He claims that the MDOC and unknown MDOC employees violated his Eighth and Fourteenth Amendment rights by failing to provide him with any medical treatment other than "a band aid and aspirin." *Id.* ¶¶ 31-32. For relief, plaintiff seeks damages, attorney fees, costs, and interest.

Defendant MDOC seeks dismissal on the grounds of Eleventh Amendment immunity. Among other authority, defendant cites *Harrison v. State of Mich.*, 722 F.3d 768, 771 (6th Cir. 2013), where the Sixth Circuit stated:

The district court correctly held that the State, MDOC, and the state

parole board were immune from suit under the Eleventh Amendment. "There can be no doubt ... that suit against [a] State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit," *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), or unless Congress has expressly abrogated Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It is well established that § 1983 does not abrogate the Eleventh Amendment, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and that Michigan has not consented to the filing of civil rights suits against it in federal court. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986). We have consistently held that neither MDOC nor the parole board is a "person" that may be sued for money damages under § 1983. *See, e.g., Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir.2013) (finding MDOC immune from suit on Eleventh Amendment grounds); *Carson v. Mich. Parole Bd.*, 852 F.2d 1287 (6th Cir.1988) (table) (finding the Michigan Parole Board immune from suit under § 1983 on Eleventh Amendment grounds). For these reasons, the district court properly dismissed those defendants from the case.

As noted, plaintiff has not responded to the instant motion, and he has therefore failed to offer any reason why defendant MDOC is not entitled to dismissal on Eleventh Amendment immunity grounds. This Court is bound by *Harrison* and the cases cited therein. Accordingly,

IT IS ORDERED that defendant MDOC's motion to dismiss is granted.

Dated: October 16, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 16, 2018.

                                          s/Johnetta M. Curry-Williams
                                          Case Manager