UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS ALLEN GENTZ,

    Plaintiff,                                                 Civil Action No. 18-CV-12092

vs.                                                         HON. BERNARD A. FRIEDMAN

MICHIGAN DEPARTMENT OF CORRECTIONS,
PAULA OPOKU, and
SHIREESE BROWN,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 18]. Plaintiff has not responded to this motion and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff commenced this action in July 2018. In October 2018, the Court dismissed the complaint as to the Michigan Department of Corrections ("MDOC") on Eleventh Amendment immunity grounds, and in December 2018 the Court ordered plaintiff to show cause why it should not dismiss the complaint as to the individual defendants (whom plaintiff had not named) for lack of service. In response to this show cause order, plaintiff asked for additional time to identify and serve the individual defendants. In January 2019, the Court granted this request, vacated the show cause order, and gave plaintiff thirty days to file an amended complaint naming the individuals. Plaintiff did so on February 8, 2019, and summons were issued the same day. To date, however, plaintiff has not served the individuals with process.[1]

---

[1] Plaintiff attempted to serve defendants by serving counsel for the MDOC, Assistant Attorney General Kyla Ragatzki. According to the email chain attached to defendants' motion

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the present case, plaintiff had ninety days from February 8, 2019, i.e., until May 9, 2019, to serve defendants with process. This deadline expired more than two months ago, and plaintiff has neither served defendants nor sought additional time within which to do so. Nor, by declining to respond to defendants' motion, has plaintiff offered any explanation, to say nothing of "good cause," for failing to serve them. Under these circumstances, the Court has no choice but to dismiss the complaint. Accordingly,

IT IS ORDERED that defendants' motion to dismiss the complaint, without prejudice, is granted.

Dated: July 16, 2019
    Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

---

to dismiss, Ragatzki informed plaintiff's counsel that she could not accept serve on behalf of the individuals, but she graciously provided him with the individuals' addresses. *See* Defs.' Mot. to Dismiss, Ex. A (PageID.114).